Housing Authority of City of Dallas, 153 Tex. 236, 266 S.W.2d 842; Miller v. Pullman, Tex.Civ.App., 72 S.W.2d 379 (wr. ref.); Lawson v. First National Bank of Rotan, Tex.Civ.App., 150 S.W.2d 279 (dism. judg.cor.); Childress v. First State Bank of Barnhart, Tex.Civ.App., 264 S.W. 350 (no writ history).

■ The only question remaining is whether the Wichita Falls bank was a subsequent mortgagee "in good faith" within the meaning of the statute above quoted. There is no evidence which suggests it acted in bad faith. The testimony discloses that officers of the bank had ridden through the ranch on which the cattle were located, but they had not observed the brands on the cattle. That bank was careful to use the form of mortgage which covered all cattle on the ranch, regardless of whether they were specifically described, and was diligent in registering its mortgages forthwith. The Chico bank, although having a mortgage prior in time to those of the Wichita Falls bank, was not diligent to preserve its rights and suffered its mortgage to go unregistered for twenty months. For that reason, under the terms of the statute, it lost its priority. Our conclusion is that the mortgages executed to the Wichita Falls bank in June and July, 1951, were prior liens to that of the Chico bank, and that the courts below erred in not so holding.

It will be observed that we have not considered whether the Wichita Falls bank acquired any lien upon the subject cattle by mortgages executed by Neville to it prior to his purchase of those cattle in Oklahoma in March, 1951. Since the general description in those prior mortgages covered cattle situated in Clay County, and the cattle involved in this suit were not then situated in Clay County, we are assuming, without deciding, that those mortgages did not cover these cattle, although they were thereafter acquired and removed to that county. Our decision is based upon the priority of liens established by the mortgages of June and July, 1951, and the question of whether the Wichita Falls bank might have had priority under the earlier mortgages is immaterial.

The judgments of both courts below will be reversed and the cause remanded to the trial court with instructions to enter judgment based upon the priority of the lien of the Wichita Falls bank.

Reversed and remanded with instructions.

Arnold George **CALDWELL**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 28334.

Court of Criminal Appeals of Texas.

May 23, 1956.

No attorney on appeal for appellant.

Henry Wade, Dist. Atty., A. D. Bowie and George P. Blackburn, Asst. Dist. Attys., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The conviction is for the offense of attempting to commit burglary; the punishment, four years' confinement in the penitentiary.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.